## SUPREME COURT.

THE PEOPLE *ex rel.* ISAAC GOULD agt. JOSEPH CROSIER and others, comm'rs of highways of the town of Hebron.

Proceedings by *referees to lay out a highway* are null and void, where they do not give the *notice* required by statute to the occupants of the land through which it is to run.

And where it appears from the moving papers that the occupants of the land *waived such notice,* the *waiver may be retracted in the opposing papers,* where the consent has not been acted upon.

The referees may commence anew regular proceedings in such case, notwithstanding their void proceedings.

*Washington Special Term*, 1863.

AN application was made for a *mandamus* requiring the commissioners to lay out a certain highway in conformity to the report of referees appointed under the statute by the county court.

> BURDICK & BETTS and C. L. ALLEN, *for the relator.*
> TIMOTHY CRONIN, *for the commissioners, citing People* agt. *Commissioners* (27 *Barb.* 94); *and People* agt. *Goodwin* (1 *Seld.* 568).

ROSEKRANS, Justice.   The proceedings for the laying out or altering the highway may be regarded as regular down to and including the order of the referees reversing the order of the commissioners.   But it seems that the referees proceeded to lay out the highway without giving notice to the occupants of the land through which it ran, as required by statute.

The waiver by the occupants, contained in the moving papers, is retracted by them in the papers in opposition to the motion, and no action having been had on the waiver before it was withdrawn, the withdrawal of such waiver was in time.   Of course the order of the referees laying out the road, and all subsequent proceedings, are null and void, and the commissioners cannot be compelled to ascertain the damages to the occupants of the land, or to open the highway as ordered by the referees.   The referees should proceed to give the notice to the occupants of the land, and lay out the highway, and make and file a survey of it.

The proceedings for that purpose, already had, being null and void, are to be disregarded, and the duty devolved upon the referees to that extent is unperformed.

The motion for a *mandamus* is denied, with $10 costs, and the referees are ordered to proceed and discharge their duty, by giving notice to the occupants of the land, and

laying out the road, and making and filing a survey as directed by the statute.

On appeal to the general term of the fourth district, the order of the special term was affirmed.